IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CR. CASE NO. 05-203-01 (PLF) |
| THURMAN SIMPSON | : |

## MOTION TO SUPPRESS

Thurman Simpson, through counsel, moves this Court for an order suppressing any and all evidence seized from his person as a result of his encounter with law enforcement officers on February 18, 2005 and on March 30, 2005 on the basis that the warrantless stop, search and arrest relating to him in each instance violated his Fourth Amendment rights under the United States Constitution protecting him against unreasonable searches and seizures.[1] Such evidence includes, but is not limited to, suspected drugs, suspected drug paraphernalia and United States currency.

## INTRODUCTION

A thirteen Count indictment was filed with the court in the instant case on May 26, 2005. Mr. Simpson and co-defendant Karen M. Perry are each charged with twelve Counts of this indictment. Specifically, Mr. Simpson is charged with the following: unlawful possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(iii) (Count One); unlawful possession with intent to distribute cocaine base within 1000 feet of a school, in violation of 21 U.S.C. § 860(a) (Count Two & Count Ten); unlawful possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) (Count Three & Count Eleven); unlawful possession with intent to distribute heroin within 1000 feet of a school,

---

[1] In the event counsel learns of new information supporting the need for further motions, counsel respectfully reserves Mr. Simpson's right to later supplement this motion and/or file additional motions which may be appropriate in his case.

in violation of 21 U.S.C. § 860(a) (Count Four & Count Twelve); using, carrying and possession a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count Five); unlawful possession of a firearm and ammunition by a person convicted of crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (Count Six); simple possession of a controlled substance, in violation of 21 U.S.C. § 844(a) (Count Eight & Count Thirteen); unlawful possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) (Count Nine).

## STATEMENT OF FACTS[2]

On February 18, 2005 and on March 30, 2005, law enforcement officers stopped Mr. Simpson while he was inside a residence located at 2714 Wade Road, S.E., Apartment 103, Washington, D.C.. Although the officers did not have a warrant to search or arrest Mr. Simpson on either date, police officers seized Mr. Simpson and searched him on both February 18, 2005 and on March 30, 2005. As a result of this search, officers claim to have found such items as suspected drugs, suspected drug paraphernalia and United States currency. Mr. Simpson is now being charged with several offenses relating to drugs and a firearm. Mr. Simpson asserts that the officers did not have probable cause, or any other valid exception to the warrant requirement, to stop, search or seize him.

---

[2] This statement of facts is a summary based on the statement of facts in the P.D. 163 police reports.

## ARGUMENT

**I. THE EVIDENCE SHOULD BE SUPPRESSED BECAUSE THE WARRANTLESS STOPS, SEARCHES AND SEIZURES INVOLVING MR. SIMPSON VIOLATED HIS FOURTH AMENDMENT RIGHTS.**

The Fourth Amendment of the United States Constitution requires that all searches and seizures, including searches and seizures of the person, be "reasonable." See also Vernonia School District 47J v. Acton, 515 U.S. 646 (1995). In order for warrantless stops, searches and seizures to be "reasonable," they must be supported by a limited exception such as probable cause. See New Jersey v. T.L.O., 469 U.S. 325, 341-342 (1985). In the instant case, the stops, searches and seizures of Mr. Simpson were unreasonable considering that such action was taken by law enforcement officers without a warrant or without any legitimate exception to the warrant requirement such as probable cause.

For these reasons, the stop, search and seizure involving Mr. Simpson on both February 18, 2005 and on March 30, 2005 violated the Fourth Amendment of the United States Constitution. Since exclusion of any evidence recovered as a result of a Fourth Amendment violation is the proper remedy in such circumstances,[3] Mr. Simpson requests that all items seized as a result of the unlawful activity be suppressed. Such items include, but are not limited to, suspected drugs, suspected drug paraphernalia and United States currency.

**II. THE BURDEN IS ON THE GOVERNMENT TO JUSTIFY THE STOPS, SEARCHES AND SEIZURES INVOLVING MR. SIMPSON.**

As discussed above, Mr. Simpson asserts that the warrantless stops, searches and seizures involving him violated the Fourth Amendment. Because the stops, searches and seizures involving

---

[3] See Wong Sun v. United States, 371 U.S. 471 (1963).

Mr. Simpson were conducted without a warrant, the government bears the burden of proving that such conduct was legal. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed. 2d 564 (1971) (plurality opinion). Furthermore, searches conducted without prior judicial approval through the issuance of a search warrant are per se deemed to be unreasonable. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed. 2d 576 (1967). With regard to Mr. Simpson's arrest, the government has the burden of showing probable cause for a warrantless arrest. Hayes v. Florida, 470 U.S. 811 (1985); Florida v. Royer, 460 U.S. 491, 500 (1983); United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980). See also Katz v. United States, 389 U.S. 347 (1967); Henry v. United States, 361 U.S. 98 (1958). The government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known to the arresting officer at the time the officer seized Mr. Simpson justified that seizure. United States v. Jenkins, 530 F. Supp. 8, 10 (D.D.C. 1981), citing, Brinegar v. United States, 338 U.S. 160, 175 (1949). Although certain exceptions to the warrant requirement have developed, these exceptions are "jealously and carefully drawn." Jones v. United States, 357 U.S. 493, 499, 78 S.Ct. 1253, 1257, 2 L.Ed. 2d 1514 (1957).

## CONCLUSION

For the foregoing reasons, Mr. Simpson claims that the stops, searches and seizures involving him were unlawful. If the government disagrees, it should be required to justify the stops, searches and seizures at a hearing. If it cannot do so, Mr. Simpson respectfully requests that this Court

suppress all evidence seized, and fruits thereof, as a result of the unconstitutional stops, searches and seizures.[4]

    Mr. Simpson respectfully requests an evidentiary hearing on this motion.

                        Respectfully submitted,

                        A. J. KRAMER
                        FEDERAL PUBLIC DEFENDER

                        _____/s/_____
                        Tony W. Miles
                        Assistant Federal Public Defender
                        625 Indiana Avenue, N.W.
                        Suite 550
                        Washington, D.C.  20004
                        (202) 208-7500

---

[4] Pursuant to arguments raised by Mr. Simpson in a separate motion, Mr. Simpson also moves for suppression of all items recovered from his person on the grounds that such evidence is the fruit of an invalid search warrant and due to the failure on the part of law enforcement to comply with the requirements set forth in 18 U.S.C. § 3109.