IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :

v.                                :   CR. CASE NO. 05-203-01 (PLF)

THURMAN SIMPSON                   :

**MOTION TO SUPPRESS STATEMENTS
AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES
AND REQUEST FOR EVIDENTIARY HEARING**

Thurman Simpson, through undersigned counsel, respectfully moves this Honorable Court to suppress as evidence against him at trial any statements he allegedly made in connection to his arrest because they were obtained in violation of the Fourth Amendment; they were made in violation of his Fifth Amendment right under the United States Constitution and; they were involuntarily made. An evidentiary hearing on this motion is respectfully requested.

**BACKGROUND**

A Thirteen Count indictment was filed with this court in the instant case on May 26, 2005. Mr. Simpson and co-defendant Karen M. Perry are each charged with twelve Counts of this indictment. Specifically, Mr. Simpson is charged with the following: unlawful possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(iii) (Count One); unlawful possession with intent to distribute cocaine base within 1000 feet of a school, in violation of 21 U.S.C. § 860(a) (Count Two & Count Ten); unlawful possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) (Count Three & Count Eleven); unlawful possession with intent to distribute heroin within 1000 feet of a school, in violation of 21 U.S.C. § 860(a) (Count Four & Count Twelve); using, carrying and possession a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count Five); unlawful possession of a firearm and ammunition by a person convicted of crime punishable by

imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (Count Six); simple possession of a controlled substance, in violation of 21 U.S.C. § 844(a) (Count Eight & Count Thirteen); unlawful possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) (Count Nine).  The indictment in this case was returned on the basis of the execution of a two separate search warrants.  Both searches took place at 2714 Wade Road, S.E., Apartment 103, Washington, D.C..  The first search was conducted on February 18, 2005 and the second search was conducted on March 30, 2005.  During each search of this residence, officers claim to have recovered such items as suspected cocaine base, suspected heroin, suspected marijuana, a firearm, ammunition, suspected drug paraphernalia, personal papers, photographs, clothing and United States currency.  Police reports indicate that Mr. Simpson made certain statements about this case.[1]

## ARGUMENT

### The Statements Must Be Suppressed as the Tainted Fruit of an Illegal Search and Seizure.

Because the searches and seizure's involving Mr. Simpson were effectuated without a warrant, the government bears the burden of proving that the law enforcement officer's conduct was legal.  Hayes v. Florida, 470 U.S. 811 (1985); Florida v. Royer, 460 U.S. 491, 500 (1983); United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980).  See also Katz v. United States, 389 U.S. 347 (1967); Henry v. United States, 361 U.S. 98 (1958).  The government must show that at the time the police officers searched and seized Mr. Simpson, the facts and circumstances known to them justified such action.  United States v. Jenkins, 530 F. Supp. 8, 10 (D.D.C. 1981), citing, Brinegar v. United States, 338 U.S. 160, 175 (1949).  If the government cannot make such a showing, any

---

[1] The government has not informed Mr. Thurman's counsel what, if any, specific statement(s) the government will seek to use at trial.

statements by Simpson must be suppressed because they are fruits of an unlawful search and/or seizure.  See Taylor v. Alabama, 457 U.S. 687 (1982); Dunaway v. New York, 442 U.S. 200, 220 (1979); Wong Sun v. United States, 371 U.S. 471 (1963).

### Mr. Simpson's Alleged Statements Were Made in Violation of His Fifth Amendment Right Under the United States Constitution

Mr. Simpson's alleged statements were obtained in violation of his Miranda rights.  Miranda v. Arizona, 384 U.S. 436 (1966).  For that reason, they must be suppressed.  There can be no finding that, when he allegedly made the statements at issue in this case, Mr. Simpson intentionally relinquished a known right or privilege.  Johnson v. Zerbst, 304 U.S. 458, 464 (1938).  See also Tague v. Louisiana, 444 U.S. 469, 471 (1980) (any waivers must be shown to be understanding).

### Mr. Simpson's Alleged Statements were Made Involuntarily

The government must prove by a preponderance of the evidence that Mr. Simpson's alleged statements were made voluntarily.  Lego v. Twomey, 404 U.S. 777 (1972).  The Court must consider the "totality of the circumstances" in deciding whether Mr. Simpson made any statements voluntarily.  Fikes v. Alabama, 352 U.S. 191 (1957).  See also Gallegos v. Colorado, 370 U.S. 49 (1962) (determination of whether an accused's statement was made involuntarily so as to render it inadmissible requires close scrutiny of the facts of each individual case); Clewis v. Texas, 386 U.S. 707 (1967). Specifically, the Court must examine the efforts to overbear Mr. Simpson's free will in relation to his capacity to resist those efforts.  Davis v. North Carolina, 384 U.S. 737 (1966); Culombe v. Connecticut, 367 U.S. 568, 607 (1961).  The Court must examine Mr. Simpson's "background, experience, and conduct," North Carolina v. Butler, 441 U.S. 369, 375 (1979), to determine whether his alleged statements were the product of a rational intellect and a free will. Blackburn v. Alabama, 361 U.S. 199, 208 (1980).

## CONCLUSION

For all the forgoing reasons, either one of which alone is sufficient to compel suppression of Mr. Simpson's alleged statements in this case, and for any other reasons this Court may deem just and proper, and which may appear in supplemental pleadings which Mr. Simpson explicitly reserves the right to file, Thurman Simpson, through counsel, respectfully requests that this motion be granted and that any statements allegedly made by him be suppressed as evidence against him at trial.

                Respectfully submitted,

                A. J. KRAMER
                FEDERAL PUBLIC DEFENDER

                _____/s/_____
                Tony W. Miles
                Assistant Federal Public Defender
                625 Indiana Avenue, N.W.
                Suite 550
                Washington, D.C.  20004
                (202) 208-7500