UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal No. 05-203-01 (PLF) |
| | : |
| THURMAN SIMPSON | : |

**MOTION TO SUPPRESS EVIDENCE ALLEGEDLY SEIZED
FROM INSIDE A RESIDENCE LOCATED AT
2714 WADE ROAD, S.E., APARTMENT 103, WASHINGTON, D.C.**

Thurman Simpson, through undersigned counsel, respectfully moves this Honorable Court to suppress as evidence against him at trial all evidence allegedly taken from a residence located at 2714 Wade Road, S.E., Apartment 103, Washington, D.C. after the execution of search warrants on February 18, 2005 and March 30, 2005. An evidentiary hearing on this motion is respectfully requested.

As grounds for this motion, Mr. Simpson, through counsel, states that a thirteen Count indictment was filed with this court in the instant case on May 26, 2005. Mr. Simpson and co-defendant Karen M. Perry are each charged with twelve Counts of this indictment. Specifically, Mr. Simpson is charged with the following: unlawful possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(iii) (Count One); unlawful possession with intent to distribute cocaine base within 1000 feet of a school, in violation of 21 U.S.C. § 860(a) (Count Two & Count Ten); unlawful possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) (Count Three & Count Eleven); unlawful possession with intent to distribute heroin within 1000 feet of a school, in violation of 21 U.S.C. § 860(a) (Count Four & Count Twelve); using, carrying and possession a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count Five);

unlawful possession of a firearm and ammunition by a person convicted of crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (Count Six); simple possession of a controlled substance, in violation of 21 U.S.C. § 844(a) (Count Eight & Count Thirteen); unlawful possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) (Count Nine).  The indictment in this case was returned on the basis of the execution of a two separate search warrants.  Both searches took place at 2714 Wade Road, S.E., Apartment 103, Washington, D.C..  The first search was conducted on February 18, 2005 and the second search was conducted on March 30, 2005.  During each search of this residence, officers claim to have recovered such items as suspected cocaine base, suspected heroin, suspected marijuana, a firearm, ammunition, suspected drug paraphernalia, personal papers, photographs, clothing and United States currency.

## ARGUMENT

**I.   THE AFFIDAVIT IN SUPPORT OF EACH SEARCH WARRANT
      DOES NOT ESTABLISH PROBABLE CAUSE TO SEARCH THE PREMISES**

    **A.   Introduction.**

There are two deficiencies with regard to the probable cause in this case.  First, the facts as recited in the affidavits in support of each search warrant do not establish probable cause to believe that there was any contraband located at 2714 Wade Road, S.E., Apartment 103, Washington, D.C..  Second, the affidavits neither establish sufficient facts to corroborate the information provided by the unknown source nor that the source was reliable.

> B. **The Facts Recited in the Affidavit do not Establish Probable Cause to Believe That There Was Any Contraband Within 2714 Wade Road, S.E., Apartment 103, Washington, D.C..**

The Fourth Amendment to the United States Constitution provides:

> ...and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.

The affidavits submitted in support of each search warrant in this case do not allege facts that establish probable cause to believe there was contraband within 2714 Wade Road, S.E., Apartment 103, Washington, D.C.. on February 18, 2005 or on March 30, 2005. Neither affidavit states that anyone had any specific information that illegal drugs, firearms, etc. were being stored at 2714 Wade Road, S.E., Apartment 103, Washington, D.C.. The affidavits simply state that a confidential source allegedly entered the residence at 2714 Wade Road, S.E., Apartment 103, Washington, D.C. and purchased suspected cocaine base. Significantly, the affidavit does not allege that anyone ever saw any person actually retrieve narcotics from a location within the Wade Road residence or that any person ever saw narcotics being stored in the residence. Therefore, the affidavit does not adequately show that there was probable cause to believe that the residence located at 2714 Wade Road, S.E., Apartment 103, Washington, D.C. contained drugs or any other evidence of crime.

> C. **The Affidavits Neither Establish Sufficient Facts to Corroborate the Information Provided by the "Confidential Source" Nor That the Source Was Reliable**.

The test for probable cause for issuance of a search warrant is whether the facts presented to the magistrate establish a "substantial probability" that the items sought will be found at the location sought to be searched. <u>Illinois v. Gates</u>, 462 U.S. 213 (1983). In <u>Gates</u>, in deciding a

case in which a warrant had been issued, the Supreme Court amalgamated the previously utilized "two-prong" Aguilar-Spinelli test for probable cause based on an informant's tip into a single evaluation of the "totality of the circumstances."  Spinelli v. United States, 393 U.S. 303 U.S. 410 (1969) (describing the need for establishing the informant's reliability); Aguilar v, Texas, 378 U.S. 109 (1964) (articulating the need to determine the informant's basis of knowledge).  In recasting the test for searches and seizures based upon information provided by a confidential source, the Supreme Court in Gates did not eliminate any inquiry into the informant's reliability and basis of knowledge, but merely aggregated those two inquiries into a unitary determination of the totality of the circumstances.  Thus, the confidential source's reliability as well as his or her basis of knowledge remain relevant inquiries for the court.

In United States v. Laws, 808 F.2d 92 (D.C. Cir. 1986), Court of Appeals for the District of Columbia Circuit explained

> To demonstrate probable cause ... an affidavit must set forth facts sufficient to induce a reasonably prudent person to believe that a search ... will uncover evidence of a crime. An affidavit predicated upon an informant's tip has been regarded as vulnerable because the tip is hearsay, which, like all hearsay, is susceptible to special concerns of perception and veracity.  If the tip is to serve as a basis for a finding of probable cause, the 'neutral and detached magistrate' ... must have substantial reason to believe that nonetheless the hearsay is reliable.  Without that determination, the magistrate would cede his duty to gauge probable cause to the informant and the possibly overzealous law-enforcement officer.

808 F.2d at 94-95 (footnotes and citations omitted).  In the instant case, in addition to there being no competent evidence showing that narcotics were present inside the Wade Road residence, the affidavits do not adequately show that the confidential source, or that source's information, is reliable.  The affidavits simply make conclusory unverified claims that the confidential source has proven to be reliable.

The credibility of the confidential source is also lacking because the source provided no information concerning the "future behavior" of any suspect. In Alabama v. White, 496 U.S. 325, 110 S. Ct. 2412, 2417 (1990), the Supreme Court acknowledged the importance of an informant providing the "future behavior" of a suspect as an indicia of reliability of the confidential source's tip. In the instant case, there was no such reliable prospective information provided by the confidential source. Likewise, there is nothing about the nature of the information that supports its reliability. United States v. Perez-Esparaza, 609 F.2d 1284 (9th Cir. 1980).

      **D.**      **Conclusion.**

For the above stated reasons, Mr. Simpson contends that the facts recited in the both affidavits do not establish probable cause to believe that there was any contraband within the searched residence. Therefore, all evidence recovered as a result of the execution of both search warrants in connection with this case must be suppressed.

**II.**      **ALL EVIDENCE MUST BE SUPPRESSED FOR FAILURE TO COMPLY WITH THE PROVISIONS OF 18 U.S.C. 3109**

The government also must prove that the police officers executing the search warrant complied with the "knock and announce" provisions of 18 U.S.C. § 3109, which only permits officers to force entry to execute a search warrant after having given notice of their authority and purpose and having been refused admittance. Unless the government can prove that the officers executing the search warrant at 2714 Wade Road, S.E., Apartment 103, Washington, D.C. on February 18, 2005 and on March 30, 2005 complied with 18 U.S.C. § 3109, all evidence seized as a result of the searches must me suppressed.

**WHEREFORE**, for all the foregoing reasons, and for any other reasons this Court may deem just and proper, Thurman Simpson, through counsel, respectfully requests that this Motion be granted and that this Court suppress all evidence seized as a result of the February 18, 2005 and March 30, 2005 searches in relation to this case.

        Respectfully submitted,

        A. J. KRAMER
        Federal Public Defender


        /s/
        Tony W. Miles
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W., Suite 550
        Washington, DC  20004
        (202) 208-7500