UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 05-203-01 (PLF)** |
| | : | |
| v. | : | |
| | : | |
| **THURMAN SIMPSON** | : | |
| | : | |
| **Defendant** | | |

**GOVERNMENT'S OMNIBUS RESPONSE TO
DEFENDANT'S MOTIONS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this omnibus opposition to defendant's Motion to Suppress, Motion to Suppress Statements, and Motion to Suppress Evidence. In support of this motion the government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**FACTS**

The defendant has been charged in a twelve-count indictment with: Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), two counts of Unlawful Possession with Intent to Distribute Cocaine Base within 1000 Feet of a School, in violation of 21 U.S.C. § 860(a), two counts of Unlawful Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), two counts of Unlawful Possession with Intent to Distribute Heroin within 1000 Feet of a School, in violation of 21 U.S.C. § 860(a), Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1), Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18, U.S.C. § 922(g)(1), two counts of Simple Possession of a Controlled Substance, in

violation of 21 U.S.C. § 844(a), and Unlawful Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

These charges stem from two search warrants which were executed at 2714 Wade Road, SE, apartment 103, Washington, D.C. The Metropolitan Police Department ("MPD") executed the first search warrant on February 18, 2005, and the second search warrant on March 30, 2005.

### February 18, 2005 Search Warrant

On February 18, 2005, MPD officers executed a search warrant at 2714 Wade Road, SE, apartment 103, Washington, D.C. Upon entering the apartment, the officers observed co-defendant Karen Perry in the living room area. The officers recovered from Perry's shirt pocket 7 "playboy" zip-locks of white powder which tested positive for opiates. Recovered from the kitchen area were two purses containing Perry's mail, identification, and $497. The following items were also recovered from the kitchen: 1 black plastic bag containing approximately 13.2 grams of loose green weed which tested positive for THC, 1 white plastic bag containing approximately 11.5 grams of loose green weed which tested positive for THC, 1 green bag containing a digital scale with white powder residue which tested positive for opiates, 2 pyrex bowls with white residue which tested positive for opiates, 1 mirror with white residue and small white rock-like substance which tested positive for opiates, 1 green zip-lock containing white residue which tested positive for opiates, and personal papers, including Perry's lease agreement.

Defendant Simpson was located in the bathroom. A sandwich bag containing approximately 29.5 grams of a white rock-like substance which tested positive for cocaine base and a sandwich bag containing empty green "playboy" zip-locks were recovered from Simpson's shirt pocket. (The shirt was hanging on the doorknob inside the bathroom.) $303 and 14 green "playboy" zips filled with

a white powder substance which tested positive for opiates were recovered from Simpson's pants. Recovered from a hallway dresser drawer was a loaded Star .40 caliber handgun, an envelope containing Simpson's mail, and male clothing. Perry admitted to the officers that she was the lease holder of the apartment. Simpson and Perry told the officers that they were dating.

### March 30, 2005 Search Warrant

On March 30, 2005, MPD officers returned to 2714 Wade Road, SE, apartment 103, Washington, D.C. The officers entered the location and secured the occupants, including Simpson and co-defendant Perry. Recovered from Simpson's pants pocket was $524.00 and empty zip-lock bags. An MPD officer recovered $20.00 from Perry's right hand and $45.00 from her bra. During a search of the apartment, the officers recovered the following items from inside the kitchen cabinet: 1 dinner plate with white residue, approximately 11 loose white rocks which tested positive for cocaine, 1 pink zip-lock of white powder which tested positive for heroin, 1 razor blade with white residue, 1 silver utensil with white residue, 1 drinking straw with white residue, a Tylenol bottle containing 3 oxycodone pills and numerous other pills, numerous empty zip-lock bags and a zip-lock containing assorted pills. Also recovered was $62.00 from the kitchen drawer and $20.00 from Perry's right shoe. Defendants Perry and Simpson admitted that they lived at 2714 Wade Road, SE, apartment 103, Washington, D.C.

## Motion to Suppress Evidence

A.   <u>The Search Warrant Provided Probable Cause</u>

The defendant's argument that the affidavit in support of the search warrant is not supported by probable cause is without merit and should be denied. When assessing probable cause for warrants,

> [t]he task of the issuing magistrate is simply to make a practical, common- sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed.

Illinois v. Gates, 462 U.S. 213, 238-39 (1983), citing Jones v. United States, 362 U.S. 257, 271 (1960). The issuing court's determination of probable cause "should be paid great deference by reviewing courts." Gates, 462 U.S. at 236 (citation omitted). Moreover, the reviewing court should recognize that affidavits for search warrants "must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by non-lawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleading have no proper place in this area." United States v. Ventresca, 380 U.S. 102, 108 (1965).

Applying these standards, it is clear that the information contained in both affidavits was sufficient to establish probable cause for the warrants.[1] There was sufficient evidence in each affidavit to conclude that narcotics were being sold from 2714 Wade Road, SE, apartment 103.

### Affidavit Dated February 10, 2005

The February 10, 2005 affidavit established that in the seventy-two hours prior to the signing of the affidavit, an MPD special employee purchased cocaine from a female at 2714 Wade Road, SE, apartment 103. Furthermore, the affidavit indicates that the special employee has provided information in the past and has proven reliable. The affidavit also notes that the special employee has never proven to be unreliable.

---

[1] Copies of both the February 10, 2005 affidavit and the March 23, 2005 affidavit are attached hereto as Exhibit A.

          Affidavit Dated March 23, 2005

The March 23, 2005 affidavit established that in the seventy-two hours prior to the signing of the affidavit, an MPD special employee purchased cocaine from a female at 2714 Wade Road, SE, apartment 103. Furthermore, the March 23, 2005 affidavit indicates that the special employee has provided information in the past and has proven reliable. The affidavit also notes that the special employee has never proven to be unreliable.

Even if this Court was to find that either warrant lacked probable cause, suppression would not be the appropriate remedy, as the officers conducting the search acted in "objectively reasonable reliance" on the warrant's validity. United States v. Leon, 468 U.S. 897, 922 (1984). Ordinarily, the existence of a warrant is sufficient to establish that the officers acted in good faith in conducting the search. Id. Suppression in such a case is appropriate only if "the magistrate abandoned his detached and neutral role" in assessing the affidavit, or if "the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." Id. at 926. Neither situation exists in this case.

B.      The Officers Complied with 18 U.S.C. § 3109. However, Defendant is not Entitled to a Hearing on this Issue.

"[A] criminal defendant has no absolute or presumptive right to insist that the district court take testimony on every motion." United States v. Panitz, 907 F.2d 1267, 1273 (1st Cir.1990) (citations omitted). Evidentiary hearings are warranted only when a defendant makes a sufficient showing that a violation occurred. Id. In the case now before the Court, the defendant provides no factual allegations which would entitle him to relief, or even sufficient to make the

prima facie showing needed to entitle him to a hearing on this issue.  See, e.g., United States v. Thornton, 454 F.2d 957, 967 n.65 (D.C. Cir. 1971) ("An evidentiary exploration is not required as a matter of course, but only upon factual allegations which, if established, would warrant relief.); accord United States v. Lewis, 40 F.3d 1325, 1332 (1st Cir. 1994); United States v. Harrelson, 705 F.2d 733, 737 (5th Cir. 1983), United States v. Migely, 596 F.2d 511, 513 (1st Cir.), cert. denied, 442 U.S. 943 (1979); United States v. Poe, 462 F.2d 195, 197 (5th Cir. 1972), cert. denied, 414 U.S. 845 (1973); United States v. Cranson, 453 F.2d 123, 126 (4th Cir. 1971), cert. denied, 406 U.S. 909 (1972); Cohen v. United States, 378 F.2d 751, 760 (9th Cir.) cert. denied, 389 U.S. 897.  In fact, defendant's motion provides no factual allegations whatsoever.

However, the officers complied with 18 U.S.C.§ 3109 on both February 18, 2005, and March 30, 2005.  (In fact, despite defendant's implication that police officers forced entry on both February 18, 2005, and March 30, 2005, that is not the case.  Defendant Karen Perry answered the door when MPD officers knocked and announced their presence and intent on March 30, 2005.  As such, the officers did not forcibly enter the residence on March 30, 2005.)  On February 18, 2005, the officers acted reasonably in knocking and announcing their presence, then forcibly entering the residence after waiting a reasonable period of time. It is well settled that an officer may forcibly enter a house in order to execute a search warrant "if, after notice of his authority and purpose, he is refused admittance."  Spriggs v. United States, 996 F.2d 320, 322 (D.C. Cir. 1993) (quoting, United States v. Bonner, 874 F.2d 822, 924 (D.C. Cir. 1989)), cert. denied, 510 U.S. 938 (1993).  In this case, upon arriving at 2714 Wade Road, SE, apartment 103, in the early evening of February 18, 2005, members of the MPD  knocked on the apartment door several times and announced "Police.  Open the door - we have a  search warrant."  No one

answered the door, so the officers forced entry.  At least 30 seconds elapsed before they forced entry.  In Spriggs, the District of Columbia Circuit Court of Appeals expressly found that 15 seconds was a reasonable period of time for the officers to wait for a response prior to forcing entry.  996 F.2d at 323 ("officers could reasonably infer refusal after a delay of 15 seconds").  Because the officers complied with the knock-and-announce requirements of 18 U.S.C. § 3109, there is no basis to suppress the physical evidence or the defendant's statements in this case.

C.     Defendant's Search and Seizure did not Violate the Fourth Amendment, and  Statements were Voluntary, and Not Made in Violation of Miranda

Defendant argues that his "warrantless stops, searches, and seizures . . . violated his Fourth Amendment rights," and that any statement he made on the scene should be suppressed because they: 1) are the fruit of an illegal arrest; 2) were made involuntarily, and 3) were  made in violation of Miranda v. Arizona, 384 U.S. 436 (1966).  Each of these assertions is without merit.

The Fourth Amendment permits police to make warrantless arrests based upon probable cause for felonies committed in their presence.  United States v. Watson, 423 U.S. 411 (1976).  Probable cause to arrest is viewed from the perspective of the police officer and it is a decision that is reviewed based upon the totality of the circumstances confronting the officer at the time of the events leading up to the arrest.  Illinois v. Gates, 462 U.S. 213, 230-32 (1983).   Probable cause exists where the arresting officer possesses information "sufficient to warrant a prudent [person] in believing that the [suspect has] committed or [is] committing an offense."  Beck v. Ohio, 379 U.S. 89, 91, (1964); see also United States v. Green, 670 F.2d 1148, 1152 (D.C.Cir.1981).  In the case now before the court, prior to executing each search warrant, the

officers had information from a reliable source that drugs were being sold from 2714 Wade Road, SE, apartment 103, and upon executing each search warrant, they found sufficient evidence supporting this information to justify arresting the inhabitants of the apartment.

February 18, 2005 Search

During the execution of the search warrant on February 18, 2005, MPD officers found Simpson in the bathroom.  A  man's shirt was hanging on the doorknob inside the bathroom. Upon searching the shirt, officers found a sandwich bag containing approximately 29.5 grams of a white rock-like substance which tested positive for cocaine base and a sandwich bag containing empty green "playboy" zip-locks.  As such, the officers had probable cause to arrest Simpson. During a search of Simpson,  $303 and 14 green "playboy" zips filled with a white powder substance which tested positive for opiates were recovered from his pants.  And finally, recovered from a hallway dresser drawer was a loaded Star .40 caliber handgun, an envelope containing Simpson's mail, and male clothing.  Based on the totality of the circumstances, the officers had ample probable cause to arrest the defendant, even before they searched him and found the drugs in his pants.

March 30, 2005 Search

During the execution of the search warrant on March 30, 2005, MPD officers recovered cocaine, heroin, oxycodone pills, and numerous other pills, as well as numerous empty zip-lock bags.  Again, based on the totality of the circumstances, the officers had ample probable cause to arrest the defendant, even before they searched him and found $524.00 and empty zip-lock bags in his pants pocket.

Defendant argues that his statements were involuntarily made, and thus are inadmissable

even as impeachment or rebuttal evidence. A statement is voluntary for purpose of due process so long as the statements are "the product of an essentially free and unconstrained choice by its maker." Schneckloth v. Bustamonte, 412 U.S. 218, 225-26 (1973) (citing Columbe v. Connecticut, 367 U.S. 568, 602 (1961)). Moreover, for a statement to be involuntary, it must have been caused by government overreaching. Colorado v. Connelly, 479 U.S. 157, 163-64 (1986) ("[a]bsent police conduct casually related to the confession, there is simply no basis for concluding that any state actor has deprived a criminal defendant of due process of law"); Martin v. United States, 567 A.2d 896, 907 (D.C. 1989) ("[w]ithout a showing of coercive police activity . . . there is not a basis for concluding that [the defendant's] confession was involuntary") (internal quotations omitted).

To determine whether a statement was voluntarily made, this Court must examine the totality of circumstances to determine whether an individual's "will has been overborne and his capacity for self-determination critically impaired." Schneckloth, 412 U.S. at 225. Factors considered in determining voluntariness include the circumstances surrounding the questioning; the defendant's age, education, and prior experience with the law; his physical and mental condition at the time the statement was made; factors showing coercion or trickery; and the delay between suspect's arrest and confession. Turner, 761 A.2d at 854; See, e.g., Bliss v. United States, 445 A.2d 625, 631-32 (D.C. 1982) (defendant was in pain from gunshot wound, had little food or sleep, but it was a flesh wound, there was little blood, and he was able to answer questions), cert. denied, 459 U.S. 1117 (1983); Harris v. Dugger, 874 F.2d 756, 759-62 (11th Cir.) (confession voluntary even though defendant in forearm cast and handcuffed during six-hour interrogation), cert. denied, 110 S. Ct. 573 (1989); United States v. Leon Guerrero, 847 F.2d

1363 (9th Cir. 1988) (promises that cooperation would be communicated prosecutors insufficient to overcome will); United States v. Yunis, 273 U.S. App. D.C. 290, 298, 859 F.2d 953, 961 (1988) (defendant's seasickness, his uncomfortably hot room, and his unfamiliarity with American legal culture not a legally adequate basis for concluding that confession was involuntary); United States v. Pelton, 835 F.2d 1067 (4th Cir. 1987) (FBI agent's assertion that he would launch full-scale investigation if defendant did not cooperate not sufficient to render statements involuntary), cert. denied, 486 U.S. 1010 (1988).

In his motion, defendant makes the bare assertion that his statement was involuntary. However, defendant provides no evidence to show that his will was overborne or that his capacity for self-determination was critically impaired. The defendant is a forty-three year-old man. He has no apparent disabilities, and he has prior experience with the law. There is no evidence that the defendant was intoxicated or under the influence of drugs at the time of his statement. Based on the facts and circumstances surrounding defendant's statement, there is no basis upon which to conclude that his statement was the product of police overreaching.

Furthermore, any statements made at the scene were made in response to general administrative questions and not in response to police interrogation or its equivalent; therefore

those statements are admissible as well. <u>Pennsylvania v. Muniz,</u> 496 U.S. 582, 600-02 (1990).

          Respectfully submitted,

          KENNETH L. WAINSTEIN
          UNITED STATES ATTORNEY
          BAR NO. 451058

---

          Catherine K. Connelly
          Assistant United States Attorney
          Narcotics Section, Mass.  Bar No. 649430
          555 4th Street, N.W.  #4844
          Washington, D.C. 20001
          (202)616-3384; Fax: 353-9414

<u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Tony Miles, this 7th day of September, 2005.

---

          Catherine Connelly
          Assistant United States Attorney

**EXHIBIT A**