**EXHIBIT A**

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
# AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT

**FOR THE ENTIRE PREMISES OF 2714 WADE ROAD, SOUTHEAST, APARTMENT 103, WASHINGTON, D.C. THE PREMISES IS DESCRIBED AS A RED BRICK MULTI-UNIT APARTMENT BUILDING WITH THE NUMBERS 2714 IN WHITE ABOVE THE ENTRY DOOR OF THE APARTMENT BUILDING. THE APARTMENT IS LOCATED ON THE BOTTOM LEVEL. THE APARTMENT DOOR IS TAN WITH THE NUMBERS 103 ON THE FRAME ABOVE THE DOOR.**

Your affiant is Officer Durriyyah Habeebullah, who has been a sworn officer of the Metropolitan Police Department since 1994. For about the last five years, my professional police duties have been concentrated in the area of vice, narcotics, and gun-recovery related investigations. During my law enforcement career, I have attended classes and special training sessions on the manufacture, packaging, use, and distribution of controlled substances, as well as the detection and apprehension of narcotics traffickers. I have also spent numerous hours in observation post to pursue these narcotic traffickers. Your affiant has also participated in more than three hundred arrests for narcotics and gun-related.

In addition, I have served as the affiant for at least 20 narcotics search warrant issued by judges of the Superior Court of the District of Columbia. Through this professional training and experience, I have become familiar with street- and mid-level distribution of illicit drugs, and with the practices of narcotics-trafficking organizations of various sizes in the Washington, D.C. Metropolitan area. I either know the information set forth in this affidavit from what I have observed, or other sworn law enforcement officers have recounted it to me. Based upon my training, experience, and participation in investigations involving quantities of cocaine, heroin and other controlled substances, I know:

A.) Narcotic traffickers often keep at the place where they sell drugs, large quantities of U.S. currency to maintain and finance their ongoing narcotic business; in particular, it is common for drug-dealers to use an apartment or residence as a base for illegal sale of narcotics; when this occurs, the sellers will commonly keep in the same place additional amounts of illegal drugs, paraphernalia associated with illegal drug sales, such as zip-locks and other packaging, cash earned from selling drugs, books and documents keeping

track of the money they have earned selling drugs, and safes to store and
protect their illegal drugs, cash, and firearms.

B.) It is common for narcotic traffickers to secrete narcotics and  other
contraband, proceeds of narcotic sales and records of their narcotic
transactions in secure locations within their residence, their businesses and
other locations which they maintain dominion and control over for ready
access and to conceal these items from law enforcement personnel.

C.) It is common for papers relating to ownership or occupancy of the premises
and papers relating to the accumulation or disposition of assets derived from
narcotic trafficking to be stored on the premises.

**D.)** It is common for persons within such premises to conceal narcotics and other
contraband on their person.

Within the past seventy-two hours of the signing of this document a Special
Employee for the Metropolitan Police Department, hereafter referred to as SE, who is a
reliable and confidential source informed this affiant that illegal drugs to wit: COCAINE
is being sold from 2714 Wade Road, SE Apartment #103 by a black female known to the
SE as " Mousy". The SE has supplied agents of the Metropolitan Police Department with
information in the past, which has been corroborated and found to be true by this affiant.
The SE has never provided information to this affiant that was found to be false.

Based on this information, Undercover Metropolitan Police Officers, hereafter
referred to as U/C s, met with the SE. The SE was searched and found to be free of any
narcotics, money, or any other type of contraband. The SE was given an amount of
MPDC funds and told to make a purchase of COCAINE from the above listed address.
The SE responded to the aforementioned location, at which time the U/C s observed the
SE enter the front door of the apartment building. After a short time the SE exited the
apartment building and walked back to the undercover officer's vehicle. The SE then
handed the undercover officer a quantity of loose white rocklike substance. A portion of
the white rocklike substance field-tested positive for cocaine base.

The SE then informed your affiant that it responded to 2714 Wade Rd., Southeast,
Apartment #103, knocked on the door and was greeted by a female known as "Mousy".
The SE engaged "Mousy" in a brief conversation concerning the purchase of "crack"
cocaine. The SE handed "Mousy" the MPDC pre-recorded funds in exchange for a
quantity of loose white rocklike substance. The SE left the immediate area and responded
back to the undercover officer.

Based on the past narcotic investigative experience of your Affiant and the facts
presented in this Affidavit, the affiant submits that there is probable cause to believe that
there is secreted within the premises of 2714 Wade Road, Southeast, Apartment 103,
Washington, D.C., contraband, namely crack cocaine, in violation of the Uniform
Controlled Substance Act, Title 48, Section 904.1.

It is therefore requested that a DC Superior Court Search Warrant be issued for
the entire premises of 2714 Wade Road, Southeast, Apartment 103, Washington, D.C.,

authorizing the seizure of cocaine, drug paraphernalia, proceeds of drug trafficking, books, papers, and records evidencing both the distribution of narcotics and assets derived from the proceeds of narcotic trafficking, proof of residence or occupancy of the premises and any other evidence which suggests the illicit sale of drugs.

_____                    _____
AFFIANT                                        UNITED STATES ATTORNEY

SUSCRIBED AND SWORN BEFORE ME THIS _10th_ DAY OF _February_, _2005_

_____
JUDGE, SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
# AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT

**FOR THE ENTIRE PREMISES OF 2714 WADE ROAD, SOUTHEAST, APARTMENT 103, WASHINGTON, D.C. THE PREMISES IS DESCRIBED AS A RED BRICK MULTI-UNIT APARTMENT BUILDING WITH THE NUMBERS 2714 IN WHITE ABOVE THE ENTRY DOOR OF THE APARTMENT BUILDING. THE APARTMENT IS LOCATED ON THE BOTTOM LEVEL. THE APARTMENT DOOR IS TAN WITH THE NUMBERS 103 ON THE FRAME ABOVE THE DOOR.**

Your affiant is Officer Durriyyah Habeebullah, who has been a sworn officer of the Metropolitan Police Department since 1994. For about the last five years, my professional police duties have been concentrated in the area of vice, narcotics, and gun-recovery related investigations. During my law enforcement career, I have attended classes and special training sessions on the manufacture, packaging, use, and distribution of controlled substances, as well as the detection and apprehension of narcotics traffickers. I have also spent numerous hours in observation post to pursue these narcotic traffickers. Your affiant has also participated in more than three hundred arrests for narcotics and gun-related.

In addition, I have served as the affiant for at least 21 narcotics search warrant issued by judges of the Superior Court of the District of Columbia. Through this professional training and experience, I have become familiar with street- and mid-level distribution of illicit drugs, and with the practices of narcotics-trafficking organizations of various sizes in the Washington, D.C. Metropolitan area. I either know the information set forth in this affidavit from what I have observed, or other sworn law enforcement officers have recounted it to me. Based upon my training, experience, and participation in investigations involving quantities of cocaine, heroin and other controlled substances, I know:

A.) Narcotic traffickers often keep at the place where they sell drugs, large quantities of U.S. currency to maintain and finance their ongoing narcotic business; in particular, it is common for drug-dealers to use an apartment or residence as a base for illegal sale of narcotics; when this occurs, the sellers will commonly keep in the same place additional amounts of illegal drugs, paraphernalia associated with illegal drug sales, such as zip-locks and other packaging, cash earned from selling drugs, books and documents keeping

track of the money they have earned selling drugs, and safes to store and protect their illegal drugs, cash, and firearms.

B.) It is common for narcotic traffickers to secrete narcotics and other contraband, proceeds of narcotic sales and records of their narcotic transactions in secure locations within their residence, their businesses and other locations which they maintain dominion and control over for ready access and to conceal these items from law enforcement personnel.

C.) It is common for papers relating to ownership or occupancy of the premises and papers relating to the accumulation or disposition of assets derived from narcotic trafficking to be stored on the premises.

**D.)** It is common for persons within such premises to conceal narcotics and other contraband on their person.

Within the past seventy-two hours of the signing of this document a Special Employee for the Metropolitan Police Department, hereafter referred to as SE, who is a reliable and confidential source informed this affiant that illegal drugs to wit: COCAINE is being sold from 2714 Wade Road, SE Apartment #103 by a black female known to the SE as " Mousy". The SE has supplied agents of the Metropolitan Police Department with information in the past, which has been corroborated and found to be true by this affiant. The SE has never provided information to this affiant that was found to be false.

Based on this information, Undercover Metropolitan Police Officers, hereafter referred to as U/C's, met with the SE. The SE was searched and found to be free of any narcotics, money, or any other type of contraband. The SE was given an amount of MPDC funds and told to make a purchase of COCAINE from the above listed address. The SE responded to the aforementioned location, at which time the U/C's observed the SE enter the front door of the apartment building. After a short time the SE exited the apartment building and walked back to the undercover officer's vehicle. The SE then handed the undercover officer a quantity of loose white rocklike substance. A portion of the white rocklike substance field-tested positive for cocaine base.

The SE then informed your affiant that it responded to 2714 Wade Rd., Southeast, Apartment #103, knocked on the door and was greeted by a female known as "Mousy". The SE engaged "Mousy" in a brief conversation concerning the purchase of "crack" cocaine. The SE handed "Mousy" the MPDC pre-recorded funds in exchange for a quantity of loose white rocklike substance. The SE left the immediate area and responded back to the undercover officer.

Based on the past narcotic investigative experience of your Affiant and the facts presented in this Affidavit, the affiant submits that there is probable cause to believe that there is secreted within the premises of 2714 Wade Road, Southeast, Apartment 103, Washington, D.C., contraband, namely crack cocaine, in violation of the Uniform Controlled Substance Act, Title 48, Section 904.1.

It is therefore requested that a DC Superior Court Search Warrant be issued for the entire premises of 2714 Wade Road, Southeast, Apartment 103, Washington, D.C.,

authorizing the seizure of cocaine, drug paraphernalia, proceeds of drug trafficking, books, papers, and records evidencing both the distribution of narcotics and assets derived from the proceeds of narcotic trafficking, proof of residence or occupancy of the premises and any other evidence which suggests the illicit sale of drugs.

_____
**AFFIANT**

ASSIST _____
**UNITED STATES ATTORNEY**

**SUSCRIBED AND SWORN BEFORE ME THIS** 23rd **DAY OF** March 2005

_____
**JUDGE, SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**