UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Criminal Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                   ) | Cr. No. 05-203-01 (PLF) |
| ) | |
| THURMAN SIMPSON_____ ) | |
| ) | |

### MOTION TO SEVER DEFENDANTS

Thurman Simpson, through undersigned counsel, respectfully moves pursuant to Fed. R. Crim.P. 14 to sever his trial from the trial of co-defendant Karen M. Perry.

### BACKGROUND

Thurman Simpson and Karen M. Perry are charged as co-defendants in a thirteen Count indictment. Both Mr. Simpson and Ms. Perry are charged with unlawful possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(iii) (Count One); unlawful possession with intent to distribute cocaine base within 1000 feet of a school, in violation of 21 U.S.C. § 860(a) (Counts Two & Ten); unlawful possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) (Counts Three & Eleven); unlawful possession with intent to distribute heroin within 1000 feet of a school, in violation of 21 U.S.C. § 860(a) (Counts Four & Twelve); using, carrying and possession a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count Five);simple possession of a controlled substance, in violation of 21 U.S.C. § 844(a) (Counts Eight & Thirteen); and unlawful possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) (Count Nine).  Mr. Simpson is charged alone in Count Six with unlawful possession of a firearm and ammunition by a person convicted of

crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). Ms. Perry is charged alone in Count Seven with unlawful possession of a firearm and ammunition by a person convicted of crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1).

## DISCUSSION

Under Fed. R. Crim.P. 14, "[i]f it appears that a defendant or the government is prejudiced by a joinder of . . . defendants in an indictment or information or by such joinder for trial together, the court may . . . grant a severance of defendants . . . ." In Zafiro v. United States, 506 U.S. 534, 539 (1993), the United States Supreme Court held that a severance should be granted under Rule 14 "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." In the instant case, there is a serious risk that Mr. Simpson's trial rights will be unfairly compromised and that the jury will be unable to make a reliable judgment about guilt or innocence if he and Ms. Perry are tried jointly.

### A. Joint Trial Will Improperly Allow Co-Defendant's Statements Which Incriminate Mr. Simpson to be Used Against Him at Trial.

A defendant's rights under the Confrontation Clause is violated when an incriminating statement by his co-defendant is introduced at their joint trial. Bruton v. United States, 391 U.S. 123 (1968). In Cruz v. New York, 481 U.S. 186 (1987), the Supreme Court extended the prohibition concerning the admissibility of a co-defendant's incriminating statement at joint trials to apply in cases even where the defendant's own corroborating confession is introduced against him.

In this case, undersigned counsel believes that the government intends to do precisely

what the Supreme Court has prohibited in <u>Bruton</u>, <u>supra</u>., and <u>Cruz</u>, <u>supra</u>..  Based on materials provided through discovery, Mr. Simpson's co-defendant, Karen M. Perry, made certain statements concerning Mr. Simpson.  According to police reports, Ms. Perry stated that Mr. Simpson resided at the residence where police found drugs and a gun.  Police reports also indicate that Ms. Perry stated that Mr. Simpson was her boyfriend.  Clearly, these statements are extremely prejudicial to Mr. Simpson and would be inadmissible hearsay at Mr. Simpson's trial if he were tried alone.  Since the government cannot obviate the rules of evidence by trying Mr. Simpson and Ms. Perry jointly, the government must either forego using Ms. Perry's alleged statements at trial or the defendants must be severed in this case.

> **B.    Since Counsel For Co-Defendant Perry Will Likely Bring to Jury's Attention Mr. Simpson's Failure to Testify (Assuming Mr. Simpson exercises His Right Not to Testify), Severance of Defendants is Required in this case.**

In <u>De Luna v. United States</u>, 308 F.2d 140 (5th Cir. 1962), it was recognized that "[i]n a criminal trial in a federal court an accused has a constitutionally guaranteed right of silence free from prejudicial comments. . . ." <u>Id</u>. at 141.  This right against prejudicial comments regarding a defendant's right to silence applies even when the prejudicial comments only come from a co-defendant's attorney.  <u>Id</u>.  Because this right of criminal defendants to not have to suffer from prejudicial comments for exercising their constitutional right to silence is so fundamental, in cases where "an attorney's duty to his client should require him to draw the jury's attention to the possible inference of guilt from a co-defendant's silence, the trial judge's duty is to order that the defendants be tried separately." <u>Id</u>.

In the instant case, co-defendant Perry may decide to testify while Mr. Simpson may decide to exercise his constitutional right to remain silent.  If such a situation arises, Ms. Perry's

counsel will probably be duty-bound to argue to the jury that it should infer that Mr. Simpson is guilty based on his refusal to testify. Clearly, such an argument will be highly prejudicial to Mr. Simpson. Therefore, the court must not allow the two defendants in this case to be tried jointly.

    **C.**     **Because Mr. Simpson and Ms. Perry Have Mutually Antagonistic Defenses, Severance of Defendants is Necessary in this Case.**

Although the Supreme Court has stated that "[m]utually antagonistic defenses are not prejudicial per se," Zafiro v. United States, 506 U.S. 534, 538 (1993), the Court recognizes that there are certain circumstances in which substantial prejudice to a defendant does arise. Zafiro at 539. For example, "[s]uch a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant." Id. Here, Ms. Perry's defense raises more than "mutually antagonistic defenses." Counsel for Ms. Perry will likely seek to introduce evidence concerning Mr. Simpson that is highly prejudicial and which will not be proper for the government it introduce against Mr. Simpson if he were tried alone. On this basis alone, Mr. Simpson is entitled to severance.

    **WHEREFORE,** for the foregoing reasons, and any others that may appear at a hearing on this Motion to Sever Defendants, defendant Thurman Simpson respectfully requests that this Motion be granted.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Tony W. Miles
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202)  208-7500