UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Criminal No.  05-203-01 (PLF) |
| | : | |
| THURMAN SIIMPSON, | : | |
| | : | |
| Defendant | : | |
| | : | |

**DEFENDANT'S MOTION TO COMPEL DISCOVERY AND
DISCLOSURE OF INFORMATION ABOUT CONFIDENTIAL INFORMANT**

Defendant, Thurman Simpson, through undersigned counsel and pursuant to Brady v. Maryland 373 U.S. 83 (1963) and its progeny, moves this Honorable Court for an Order compelling the government to produce certain information and materials requested by the defense.  The requested information is material to Mr. Simpson's defense considering that the information is favorable to the defense on the issue of guilt from both a substantive perspective and as impeachment material tending to discredit the government's case.  Mr. Simpson also moves this Court, pursuant to Roviaro v. United States, 353 U.S. 53 (1957), for an Order requiring the government to produce the name(s), current address(es), and copies of all statements of any confidential informant(s), as well as information about the role of any confidential informant who has a connection to the instant case.  Counsel for Mr. Simpson is especially seeking information about the informant(s) who provided information that was the basis for the two search warrants in this case.  Counsel for Mr. Simpson has made repeated requests for this information beginning no later than July 15, 2005.  The government has recently informed undersigned counsel that it is refusing to provide the requested information to Mr.

Simpson.

## BACKGROUND

On February 18, 2005, police officers executed a search warrant at 2714 Wade Road, Apartment 103, S.E., Washington, D.C.. The search warrant was issued because an officer with the Metropolitan Police Department stated the following in a sworn affidavit:

> Within the past seventy-two hours of the signing of this document a Special Employee for the Metropolitan Police Department, hereafter referred to as SE, who is a reliable and confidential source informed this affiant that illegal drugs to wit: COCAINE is being sold from 2714 Wade Road, SE Apartment #103 by a black female known to the SE as "Mousy". The SE has supplied agents of the Metropolitan Police Department with information in the past, which has been corroborated and found to be true by this affiant. The SE has never provided information to this affiant that was found to be false.
>
> Based on this information, Undercover Metropolitan Police Officers, hereafter referred to as U/C s, met with the SE. The SE was searched and found to be free of any narcotics, money, or any other type of contraband. The SE was given an amount of MPDC funds and told to make a purchase of COCAINE from the above listed address. The SE responded to the aforementioned location, at which time the U/C s observed the SE enter the front door of the apartment building. After a short time the SE exited the apartment building and walked back to the undercover officer's vehicle. The SE then handed the undercover officer a quantity of loose white rocklike substance. A portion of the white rocklike substance field-tested positive for cocaine base.
>
> The SE then informed your affiant that it responded to 2714 Wade Rd., Southeast, Apartment #103, knocked on the door and was greeted by a female known as "Mousy". The SE engaged "Mousy" in a brief conversation concerning the purchase of "crack" cocaine. The SE handed "Mousy" the MPDC pre-recorded funds in exchange for a quantity of loose white rocklike substance. The SE left the immediate area and responded back to the undercover officer.[1]

Based on these observations by the confidential source, the officer requested a search warrant in order to search for "cocaine, drug paraphernalia, proceeds of drug trafficking, books,

---

[1] This affidavit, which is dated February 10, 2005, is attached as Exhibit 1.

papers, and records evidencing both the distribution of narcotics and assets derived from the proceeds of narcotic trafficking, proof of residence or occupancy of the premises and any other evidence which suggests the illicit sale of drugs." February 10, 2005 Affidavit in Support of Search Warrant. When the officers entered the apartment at 2714 Wade Road on February 18, 2005 to execute the search warrant, they encountered several people, including Thurman Simpson, inside of the residence. As a result of the February 18 search, law enforcement officers claim to have found such items as narcotics, United States currency and a loaded firearm.

On March 30, 2005, law enforcement officers executed a second search warrant they had obtained in relation to the 2714 Wade Road, Apartment 103, S.E., Washington, D.C. residence. The affidavit in support of this second search warrant is also based on information provided by a Special Employee who reported that "COCAINE is being sold from 2714 Wade Road, SE Apartment #103 by a black female known to the SE as "Mousy".[2] As with the first search warrant, the affidavit in support of the second search warrant also alleges that a Special Employee purchased narcotics from a female named "Mousy" at the 2714 Wade Road residence. Id..

On May 26, 2005, a Thirteen Count indictment was filed against Mr. Thurman Simpson and Ms. Karen M. Perry in connection with February 18 and March 30 searches discussed above. Mr. Simpson is charged in twelve Counts of the indictment.[3] Specifically, Mr. Simpson is charged with the following: unlawful possession with intent to distribute five grams or more of

---

[2]See March 23, 2005 Affidavit in Support of Search Warrant which is attached as Exhibit 2.

[3]Karen M. Perry is also charged in eleven of the twelve Counts in which Mr. Simpson is charged.

cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(iii) (Count One); unlawful possession with intent to distribute cocaine base within 1000 feet of a school, in violation of 21 U.S.C. § 860(a) (Count Two & Count Ten); unlawful possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) (Count Three & Count Eleven); unlawful possession with intent to distribute heroin within 1000 feet of a school, in violation of 21 U.S.C. § 860(a) (Count Four & Count Twelve); using, carrying and possession a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count Five); unlawful possession of a firearm and ammunition by a person convicted of crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (Count Six); simple possession of a controlled substance, in violation of 21 U.S.C. § 844(a) (Count Eight & Count Thirteen); unlawful possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) (Count Nine).

 Mr. Simpson has entered a not guilty plea and is considering going to trial in the instant case. In the event this case goes to trial, Mr. Simpson and his counsel need crucial information which is within the government's control in order to adequately prepare for trial. Specifically, Mr. Simpson needs all information known by the government regarding the identity of "Mousy" and how "Mousy" can be contacted. Mr. Simpson is also requesting all information known to the government concerning "Mousy's" ties to the 2714 Wade Road, Apartment 103, S.E., Washington, D.C. residence and about her activities within the apartment. Furthermore, Mr. Simpson needs all information known by the government regarding any criminal history or prior bad acts with respect to "Mousy" and anyone else who had ties to the 2714 Wade Road apartment around the time of the execution of the search warrants. Mr. Simpson also needs the

identity and contact information of all confidential informants who have information concerning "Mousy's" ties to the 2714 Wade Road residence and about her illegal activities around the time the search warrants were executed. Mr. Simpson also needs the identity and contact information of all confidential informants who have information regarding illegal activities in relation to the 2714 Wade Road apartment involving people other than "Mousy." Because statements by a law enforcement officer in the affidavits in support of both search warrants indicate that someone other than Mr. Simpson was exclusively selling drugs from the 2714 Wade Road residence (i.e. a female named "Mousy"), it is clear that the information requested by Mr. Simpson, along with access to the relevant confidential informant(s), will provide Mr. Simpson with exculpatory information and potential witnesses which will greatly assist him at trial. Without access to such information and witnesses, Mr. Simpson will be denied his right to a fair trial.

## ARGUMENT

    I.    **THE GOVERNMENT MUST PROVIDE MR. SIMPSON WITH THE INFORMATION HE SEEKS CONCERNING THE TIES AND ACTIVITIES OF OTHER INDIVIDUALS IN RELATION TO THE 2714 WADE ROAD, APARTMENT 103, S.E., WASHINGTON, D.C. RESIDENCE.**

Significantly, "[i]n our adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant fact." Dennis v. United States, 384 U.S. 855, 873 (1966). Therefore, "disclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of criminal justice." Id. at 870. Based on such principles, it is well established that the government has a duty to disclose to a criminal defendant all favorable evidence which is "material either to guilt or punishment." Brady v. Maryland, 373 U.S. 83, 87 (1963); see also Fed. R. Crim. P. 16(a)(1)(E) (2003). Failure

5

to disclose such evidence violates a defendant's right to due process. Brady at 87. In order for a defendant to receive a fair trial, disclosure of Brady materials must be made before it is "too late for the defendant to make use of the evidence." United States v. Olson, 697 F.2d 273, 276 (8th Cir. 1983).

In the instant case, information concerning all individuals who had access to, and who were selling drugs from, the 2714 Wade Road apartment at issue in this case is favorable evidence which is extremely material to Mr. Simpson's guilt or innocence. As noted above, the government is in possession of evidence that a female named "Mousy" was exclusively selling drugs from 2714 Wade Road, Apartment 103, S.E., Washington, D.C. in February and March of 2005. During this same time period, officers with the Metropolitan Police Department executed two search warrants at the 2714 Wade Road address. In both instances, the police recovered illegal contraband. Mr. Simpson is now being charged in a thirteen Count indictment based on items which were allegedly recovered during the February and March searches. Undoubtedly, evidence that someone other than Mr. Simpson was the only person using the apartment for drug trafficking purposes around the same time of both searches is evidence which is material and extremely favorable to Mr. Simpson. Such evidence indicates that someone other than Mr. Simpson exclusively possessed the items which were recovered from the apartment during both searches.

In order for Mr. Simpson to have a fair trial, the government must produce all documents, materials and information concerning any ties "Mousy" or anyone else had to the residence located at 2714 Wade Road, Apartment 103, S.E., Washington, D.C. around the time the

apartment was searched by law enforcement officers.[4]  The government must also produce all documents, materials and information concerning any criminal activity involving "Mousy" and anyone else during the relevant time period which relates to the 2714 Wade Road, Apartment 103, S.E., Washington, D.C. residence.  Further, the government must also produce all background criminal history and prior bad acts information concerning these individuals.  The government must also provide access to all witnesses known to the government who have information regarding the issues described above.  Since Mr. Simpson cannot make effective use of this favorable evidence unless the evidence is produced well in advance of trial, Mr. Simpson requests that this Court require the government to produce the evidence immediately.

> II.     BECAUSE DISCLOSURE OF INFORMATION CONCERNING INFORMANT(S) IS NECESSARY TO ASSURE MR. SIMPSON A FAIR TRIAL, THE GOVERNMENT MUST DISCLOSE TO MR. SIMPSON INFORMATION REGARDING ANY INFORMANT(S) RELATED TO THIS CASE.

The basic premises for compelling disclosure of the identity of a confidential informant are set forth in Roviaro v. United States, 353 U.S. 53 (1957).  In Roviaro, the Court noted that the government's privilege to withhold the identity of informants is grounded in "the furtherance and protection of the public interest in effective law enforcement." Id. at 59.  That interest, however, is subject to limitations.  Among them is the right of the accused to prepare a defense. As the Court noted in Roviaro, at 60-61:

> A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness.  Where the disclosure of an informer's

---

[4] The defense believes that the period from about November of 2004 to April of 2005 should be the relevant time span.

>identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. [Footnote omitted.] In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action. [Footnote omitted.]

In cases where testimony by a confidential informant can be critical to ones defense, defense counsel should seek to have the identity of the informant disclosed and have the informant testify at trial if "the informant's testimony could help establish [defendant's] innocence". Rugendorf v. United States, 376 U.S. 528, 535 (1964). In Roviaro, the Supreme Court also acknowledged the need for defense counsel to interview the confidential informant witness. 353 U.S. at 64 ("[t]he desirability of, ... at least interviewing [the confidential informant] in preparation for trial, [is] a matter for the accused rather than the government to decide"). Likewise, in other contexts the Supreme Court has held that an interest in confidentiality is overcome when the accused's right of confrontation is at stake. See Davis v. Alaska, 415 U.S. 308 (1974).

The information sought, in addition to the informant's identity, relates directly to evidence which is favorable to Mr. Simpson concerning his guilt or innocence. Based on the affidavits in support of both search warrants involved in this case, at least one confidential informant personally observed a female engaging in illegal activity inside the same apartment from where police allegedly recovered the drugs, firearm and ammunition which are at issue in the instant case. Significantly, the type of illegal activity observed by the confidential informant(s) in the Wade Road apartment is the same type of activity with which Mr. Simpson is currently being charged. Therefore, in order to ensure a fair trial in this matter, Mr. Simpson is entitled to have access to statements made by the confidential informant(s) in this case, information concerning

the role any such informant(s) played in this case as well access to information concerning the informant's identity and whereabouts. All such information must be produced well in advance of trial.

**WHEREFORE**, for the foregoing reasons, and any others which may occur to the Court or which may arise at a hearing on this matter, Mr. Simpson, through counsel, respectfully requests that this Motion be granted and that this Court order the government to disclose the requested information and materials.

                                              Respectfully submitted,
                                              A.J. KRAMER
                                              FEDERAL PUBLIC DEFENDER

                                              _____/s/_____
                                              Tony W. Miles
                                              Assistant Federal Public Defender
                                              625 Indiana Ave., N.W., Ste. 550
                                              Washington, D.C. 20004
                                              (202) 208-7500