UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-203-01 (PLF) |
| | : | |
| v. | : | |
| | : | |
| THURMAN SIMPSON | : | |
| | : | |
| **Defendant** | | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTIONS TO SEVER

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's motion to sever. As grounds for this opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a motions hearing.

Background

Defendant Thurman Simpson and his co-defendant Karen Perry have been charged with: Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), two counts of Unlawful Possession with Intent to Distribute Cocaine Base within 1000 Feet of a School, in violation of 21 U.S.C. § 860(a), two counts of Unlawful Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), two counts of Unlawful Possession with Intent to Distribute Heroin within 1000 Feet of a School, in violation of 21 U.S.C. § 860(a), Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1), Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by

1

Imprisonment for a Term Exceeding One Year, in violation of 18, U.S.C. § 922(g)(1), two counts of Simple Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a), and Unlawful Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

These charges stem from two search warrants which were executed at xxxx xxx xxxxxxx xxxxx, Washington, D.C. The Metropolitan Police Department ("MPD") executed the first search warrant on February 18, 2005, and the second search warrant on March 30, 2005.

### February 18, 2005 Search Warrant

On February 18, 2005, MPD officers executed a search warrant at xxxx xxx xxxxxxx xxxxx, Washington, D.C. Upon entering the apartment, the officers observed co- defendant Karen Perry in the living room area. The officers recovered from Perry's shirt pocket 7 "playboy" zip-locks of white powder which tested positive for opiates. Recovered from the kitchen area were two purses containing Perry's mail, identification, and $497. The following items were also recovered from the kitchen: 1 black plastic bag containing approximately 13.2 grams of loose green weed which tested positive for THC, 1 white plastic bag containing approximately 11.5 grams of loose green weed which tested positive for THC, 1 green bag containing a digital scale with white powder residue which tested positive for opiates, 2 pyrex bowls with white residue which tested positive for opiates, 1 mirror with white residue and small white rock-like substance which tested positive for opiates, 1 green zip-lock containing white residue which tested positive for opiates, and personal papers, including Perry's lease agreement.

Defendant Simpson was located in the bathroom. A sandwich bag containing approximately 29.5 grams of a white rock-like substance which tested positive for cocaine base

and a sandwich bag containing empty green "playboy" zip-locks were recovered from Simpson's shirt pocket. (The shirt was hanging on the doorknob inside the bathroom.) $303 and 14 green "playboy" zips filled with a white powder substance which tested positive for opiates were recovered from Simpson's pants. Recovered from a hallway dresser drawer was a loaded Star .40 caliber handgun, an envelope containing Simpson's mail, and male clothing. Perry admitted to the officers that she was the lease holder of the apartment. Simpson and Perry told the officers that they were dating.

### March 30, 2005 Search Warrant

On March 30, 2005, MPD officers returned to xxxx xxx xxxxxxx xxxxx, Washington, D.C. The officers entered the location and secured the occupants, including Simpson and co-defendant Perry. Recovered from Simpson's pants pocket was $524.00 and empty zip-lock bags. An MPD officer recovered $20.00 from Perry's right hand and $45.00 from her bra. During a search of the apartment, the officers recovered the following items from inside the kitchen cabinet: 1 dinner plate with white residue, approximately 11 loose white rocks which tested positive for cocaine, 1 pink zip-lock of white powder which tested positive for heroin, 1 razor blade with white residue, 1 silver utensil with white residue, 1 drinking straw with white residue, a Tylenol bottle containing 3 oxycodone pills and numerous other pills, numerous empty zip-lock bags and a zip-lock containing assorted pills. Also recovered was $62.00 from the kitchen drawer and $20.00 from Perry's right shoe. Defendants Perry and Simpson admitted that they lived at xxxx xxx xxxxxxx xxxxx, Washington, D.C.

On September 13, 2005, defendant Simpson filed a Motion to Sever Defendants.

x

**Argument**

Defendant argues that his trial must be severed from that of his co-defendant because joinder would be unfairly prejudicial. This argument must fail for the following reasons: 1) the case was properly joined, 2) the evidence against either defendant is not *de minimis*, and 3) the risk of prejudice from any potential "spill over" of evidence is not so high as to warrant severance of these trials.

Joint trials are highly favored, because they promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Zafiro v. United States, 506 U.S. 534, 537 (1993) (citations omitted); United States v. Nicely, 922 F.2d 850, 855 (D.C. Cir. 1991). Under Rule 14(a) of the Federal Rules of Criminal Procedure, the trial judge has broad discretion to grant or deny severance. Zafiro, 506 U.S. at 541; United States v. Applewhite, 72 F.3d 140, 144 (D.C. Cir. 1996) (per curiam). In making a determination of whether to sever a defendant's trial, the trial court must balance the benefit of judicial economy against the potential prejudice to a defendant if the trials remained joined. Applewhite, 72 F.3d at 144.

Joinder of defendants is proper under Rule 8(b) of the Federal Rules of Criminal Procedure if the indictment alleges that the multiple defendants "have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." In this case, the conduct engaged in by each defendant amounts to the "same act or transaction, or the same series of acts or transactions, constituting an offense or offenses." Both Simpson and Perry were present at 2714 Wade Road, SE, #103, when each search warrant was executed. Both face identical charges, and some of the charges stem from joint constructive

possession of illegal substances.

This Circuit construes Rule 8(b) broadly in favor of joinder. United States v. Gibbs, 904 F.2d 52, 56 (D.C. Cir. 1990) ("[T]his court . . . has repeatedly declared that joint trials may be preferred, given the heavy and increasing criminal case load in our trial courts."); United States v. Perry, 731 F.2d at 991; United States v. Jackson, 562 F.2d 789, 796-97 (D.C. Cir. 1977); United States v. Hines, 455 F.2d 1317, 1334 (D.C. Cir. 1971), cert. denied, 406 U.S. 975 (1972). In short, "a substantial public interest supports joint trial." United States v. Friedman, 445 F.2d 1076, 1082 (9th Cir.), cert. denied, 404 U.S. 958 (1971). Jackson, 562 F.2d at 796-97; Hines, 455 F.2d at 1334.

This Court has wide discretion in determining questions of severance. United States v. Butler, 822 F.2d 1191, 1196 (D.C. Cir. 1987). One of the main factors a court should consider in making its severance determination is the furtherance of the judicial system's strong and legitimate interest in efficient and expeditious proceedings. United States v. Long, 905 F.2d 1572 (D.C. Cir. 1990). Joinder of counts and defendants is designed to promote judicial economy and efficiency by avoiding multiple trials, where that can be accomplished without substantial prejudice to the rights of the defendants to a fair trial. Bruton v. United States, 391 U.S. 123, 131 n.6 (1968). Factors that the court should consider include: (1) the presentation of the same evidence; (2) testimony from the same witnesses; and (3) the same illegal acts. United States v. Manner, 997 F.2d 317 (D.C. Cir. 1989), cert. denied, 493 U.S. 1062 (1990); United States v. Tarantino, 946 F.2d 1384 (D.C. Cir. 1988).

Fed. R. Crim. P. 14. countenances some prejudice to a defendant from a joint trial, and severance is not required simply because a defendant might have a better chance of acquittal if

5

tried separately. United States v. Halliman, 923 F.2d 873, 884 (D.C. Cir. 1991) (citing United States v. Manner, 887 F.2d 317, 324 (D.C. Cir. 1989), cert. denied, 493 U.S. 1062 (1990)); see also United States v. Wright, 783 F.2d 10991, 1095 (D.C. Cir. 1986); United States v. Hopkins, 464 F.2d 816, 819 (D.C. Cir. 1972); United States v. Wilson, 434 F.2d 494, 501 (D.C . Cir. 1970). In making a determination on severance, the Court must balance the risk of prejudice to the defendant against the interest in judicial economy. Butler, 822 F.2d at 1194. The Court of Appeals has struck a balance in favor of joint trials. United States v. Leonard, 494 F.2d 955, 965 (D.C. Cir. 1974). To warrant severance, the risk of prejudice must be compelling. United States v. Cross, 928 F.2d 1030 (11th Cir. 1991).

The test for determining "compelling prejudice" is the jury's ability to follow the trial court's instruction and to consider separately the evidence relating to each defendant. Cross, 928 F.2d 1030; see also United States v. Leavitt, 878 F.2d 1329 (11th Cir. 1989). The facts of the case now before the Court are straightforward. The charges stem from two separate search warrants, but the government intends to provide evidence of the items discovered during the execution of the search warrants separately. Furthermore, the government expects to distinguish between the pieces of evidence associated with each defendant, and the evidence which is attributed to them jointly. As noted in the statement of facts above, some items were found on Perry's and Simpson's persons, and other items were located in shared areas of the home. As such, there is no reason to believe that a jury will be unable to follow the Court's instruction regarding considering each defendant's culpability separately.

The factors supporting joinder are in abundance in the cases of these co-defendants. The defendants were together during the execution of both search warrants. Any trial regarding these

charges necessarily will involve (1) the presentation of the same evidence; (2) testimony from the same witnesses; and (3) the same illegal acts. To try these defendants separately would involve a waste of judicial resources and run counter to the aforementioned interest of the judicial system in efficient and expeditious proceedings. The evidence against each defendant overlaps substantially with evidence to be presented against the other defendant. A number of officers of the Metropolitan Police Department will testify against both defendants. Severance would require the government to present the same witnesses and the same evidence at separate trials. Such a result is undesirable. See United States v. Erfrasio, 935 F.2d 553, 570-71 (3d Cir. 1991). In addition, the burden upon those testifying would not be "slight," as all have other obligations in addition to making court appearances.

    Accordingly, the government respectfully requests that the defendant's motion to sever be denied.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

_____
Catherine K. Connelly
Assistant United States Attorney
Narcotics Section, Mass. Bar No. 649430
555 4th Street, NW  #4844
Washington, DC 20001
(202)616-3384; Fax: 353-9414

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Tony Miles, this 19th day of September, 2005.

_____
Catherine Connelly
Assistant United States Attorney