**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  05-203-01 (PLF) |
| | : | |
| v | : | |
| | : | |
| THURMAN SIMPSON | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**REQUEST FOR A BILL OF PARTICULARS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant's request for a bill of particulars.   In support of this motion, the government relies on the following points and authorities and such other points and authorities that may be adduced at a hearing on the matter.

The defendant has been charged in a twelve-count indictment with Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), two counts of Unlawful Possession with Intent to Distribute Cocaine Base within 1000 Feet of a School, in violation of 21 U.S.C. § 860(a), two counts of Unlawful Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), two counts of Unlawful Possession with Intent to Distribute Heroin within 1000 Feet of a School, in violation of 21 U.S.C. § 860(a), Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1), Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18, U.S.C. § 922(g)(1), two counts of Simple Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a), and Unlawful Possession with Intent to Distribute Cocaine Base,

1

in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The defendant now seeks an order compelling the government to file a bill of particulars, providing information regarding "from where within the apartment the government alleges various items were recovered," and "the weight of the narcotics which were allegedly recovered from the apartment." Deft. Request for a Bill of Particulars at 3.

Under the clearly established law of this Circuit, a motion for a bill of particulars raises a single issue: can the defendant understand the charges and adequately prepare a defense? United States v. Butler, 822 F.2d 1191 (D.C. Cir. 1987). In view of the detailed indictment and the information already provided to defendant in discovery, he clearly has ample notice of the charges against him. The purpose of a bill of particulars is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." Id. at 1193; United States v. Esquivel, 755 F. Supp. 434, 436 (D.D.C. 1990). "It is not the function of a bill of particulars to provide a detailed disclosure of the government's evidence in advance of trial." Overton v. United States, 403 F.2d 444, 446 (5th Cir. 1968); see also United States v. Torres, 901 F.2d 205, 234 (2d Cir.) ("[a]cquisition of evidentiary detail is not a function of a bill of particulars"), cert. denied, 498 U.S. 906 (1990); United States v. Armocida, 515 F.2d 49, 54 (3rd Cir.) (bill of particulars is not intended as a vehicle for "whole sale discovery of the Government's evidence"), cert. denied, 423 U.S. 858 (1975). Nor is it designed to force the government to reveal a theory of its case that the defendant could then use to limit the government's presentation of its case at trial. Torres, 901 F.2d at 234; United States v. Burgin, 621 F.2d 1352 (5th Cir.), cert. denied, 449 U.S. 1015 (1980). The defendant's constitutional right underlying a bill of particulars is to know the

2

offense with which he is charged, not to know the details of how it will be proved. United States v. Kendall, 665 F.2d 126, 135 (7th Cir. 1981), cert. denied, 455 U.S. 1021 (1982).

This objective has been more than met by the indictment and the discovery provided to date to defense counsel. Defendant Simpson has received all the DEA analyses, listing with great specificity the weight of the substances recovered. Furthermore, the defendant has received two seizure lists - one for each search warrant executed. Finally, each motion filed by the government has contained a detailed factual proffer. A viewing letter has also been provided to the defense, so that they may view and photograph the physical evidence in the case.

The government suggests that its compliance with its Rule 16 obligations and written recitations of the case have placed defense counsel in a better position than even the most detailed bill of particulars might afford. As a result, there is no basis for the additional disclosures sought by this motion. See, e.g., Butler 822 F.2d at 1193 (where the indictment is sufficiently specific or if the requested information is available in some other form, a bill of particulars is not required); United States v. Glecier, 923 F.2d 496, 502 (7th Cir.) (demand for a bill of particulars was denied where indictment and government's pretrial disclosures provided defendants with sufficient information concerning the charges against them), cert. denied, 502 U.S. 810 (1991); United States v. Marrero, 904 F.2d 251, 258 (5th Cir.) ("when the information requested is provided in some other form, no bill of particulars is required"), cert. denied, 498 U.S. 1000 (1990); United States v. Cisneros, 26 F. Supp. 2d 24, 55-56 (D.D.C. 1998) ("Where a defendant has enough information to understand the charges alleged in the indictment against him and to conduct his own investigation of those charges, the government should not be required to prepare a bill of particulars.").

Specifically, there is no cause to order a bill of particulars where the information sought has

already been provided through discovery. See United States v. Roya, 574 F.2d 386, 391-92 (7th Cir.), cert. denied, 439 U.S. 857 (1978); United States v. Perez, 489 F.2d 51, 70 (5th Cir. 1974). Where, as here, the defense has received substantial discovery and other materials from which the nature and essence of the government's case can be easily understood, motions for bills of particulars have been consistently denied. E.g., United States v. Amend, 791 F.2d 1120, 1125 (4th Cir.), cert. denied, 479 U.S. 930 (1986); United States v. Society of Independent Gasoline Marketers, 624 F.2d 461 (4th Cir. 1979), cert. denied, 440 U.S. 1078 (1981); United States v. Buckner, 610 F.2d 570 (9th Cir. 1979), cert. denied, 445 U.S. 961 (1980); United States v. Duncan, 598 F.2d 839, 849 (4th Cir.), cert. denied, 444 U.S. 871 (1979).

In light of the strict limitations placed on the proper scope of bills of particulars and the information already provided to defense counsel in this case, the government should not be required to provide a bill of particulars. "It is not enough that the information would be useful to the defendant; if the defendant has been given adequate notice of charges against him, the government need not be required to disclose additional details about its case." United States v. DeFabritus, 605 F.Supp 1538, 1547 (S.D.N.Y. 1985); United States v. Johnson, 504 F.2d 622, 628 (7th Cir. 1974); Overton v. United States, 403 F.2d 444, 446 (5th Cir. 1968); Hemphill v. United States, 392 F.2d 45, 49 (8th Cir.), cert. denied, 393 U.S. 877 (1968). Criminal defendants may not use a bill of particulars to compel detailed disclosure of the government's evidence prior to trial. United States v. Automated Medical Laboratories, Inc., 770 F.2d 399, 405 (4th Cir. 1985); United States v. Kendall, 665 F.2d 126, 135 (7th Cir. 1981), cert. denied, 455 U.S. 1021 (1982); United States v. Kilrain, 566 F.2d 979, 985 (5th Cir.), cert. denied, 439 U.S. 819 (1978); United States v. Sherriff, 546 F.2d 604, 606 (5th Cir. 1977); United States v. Perez, 489 F.2d 51, 70 (5th Cir. 1973), cert. denied, 417 U.S.

945 (1974). Similarly, "[i]t is well settled that a bill of particulars is not an investigative tool for the defendant; it is not to be used 'as a vehicle for wholesale examination of the Government's files.'" United States v. Leonelli, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). See United States v. Thevis, 474 F. Supp. 117, 123 (N.D. Ga. 1979), cert. denied, 456 U.S. 1008 (1982). In short, a motion for bill of particulars is properly denied where, as here, its requests "go to the Government's proof rather than to a clarification of the indictment." United States v. Smith, 341 F. Supp. 687, 690 (N.D. Ga. 1972).

The government has no duty to divulge the precise manner in which the crimes alleged in the indictment were committed, United States v. Andrews, 381 F.2d 377, 377-78 (2d Cir. 1967); United States v. Leonelli, 428 F. Supp. 880, 882 (S.D.N.Y. 1977); the theory of its case, United States v. Buckner, 610 F.2d 570, 574 (9th Cir. 1979)); or the "when, where and how" of matters not charged in the indictment. United States v. Armocida, 515 F.2d 49 (3d Cir.), cert. denied, 423 U.S. 858 (1975).

Nor may a defendant use a motion for a bill of particulars to compel the government to disclose a list of its prospective witnesses a trial. United States v. Largent, 545 F.2d 1039 (6th Cir. 1976). An inquiry into the government's legal or evidentiary theory as to the means by which a defendant committed a specific criminal act is not a proper purpose of a motion for a bill of

particulars. See, e.g., United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1964).

          Respectfully submitted,

          KENNETH L. WAINSTEIN
          United States Attorney
          Bar No. 451058

          _____
          Catherine K. Connelly
          Assistant United States Attorney
          Narcotics Section, Mass.  Bar No. 649430
          555 4th Street, N.W.  #4844
          Washington, DC 20001
          Phone: 616-3384
          Fax: 353-9414

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Tony Miles, this 23rd day of September 2005.

          _____
          Catherine Connelly
          Assistant United States Attorney