UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-203-01 (PLF) |
| | : | |
| v | : | |
| | : | |
| THURMAN SIMPSON | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this memorandum in aid of sentencing.

**Factual Background**

The defendant was charged in a twelve-count indictment with Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), two counts of Unlawful Possession with Intent to Distribute Cocaine Base within 1000 Feet of a School, in violation of 21 U.S.C. § 860(a), two counts of Unlawful Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), two counts of Unlawful Possession with Intent to Distribute Heroin within 1000 Feet of a School, in violation of 21 U.S.C. § 860(a), Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1), Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18, U.S.C. § 922(g)(1), two counts of Simple Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a), and Unlawful Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

1

On October 14, 2005, the defendant pled guilty to count one of the indictment, Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). At that time the defendant admitted to the following:

On February 18, 2005, MPD officers executed a search warrant at 2714 Wade Road, SE, apartment 103, Washington, D.C. Upon entering the apartment, the officers observed co-defendant Karen Perry in the living room area. The officers recovered from Perry's shirt pocket 7 "playboy" zip-locks of white powder which tested positive for opiates. Recovered from the kitchen area were two purses containing Perry's mail, identification, and $497. Marijuana and drug paraphernalia were also recovered from the kitchen area, as were personal papers, including Perry's lease agreement for 2714 Wade Road, SE, apartment 103, Washington, D.C.

Defendant Simpson was located in the bathroom. A sandwich bag containing 25 grams of cocaine base and a sandwich bag containing empty green "playboy" zip-locks were recovered from Simpson's shirt pocket. (The shirt was hanging on the doorknob inside the bathroom.) $303 and 14 green "playboy" zips filled with a white powder substance which tested positive for opiates were recovered from Simpson's pants. Recovered from a hallway dresser drawer was a loaded Star .40 caliber handgun, an envelope containing Simpson's mail, and male clothing. The handgun was operable.

The defendant was in constructive possession of the both the handgun and the 25 grams of cocaine base, and the defendant intended to sell the 25 grams of cocaine base. Perry admitted that she was the lease holder of the apartment, and Simpson and Perry told the officers that they were dating.

On March 30, 2005, MPD officers executed a second search warrant at 2714 Wade Road,

SE, apartment 103, Washington, D.C. Again, both Simpson and co-defendant Perry were present at the apartment when the warrant was executed, and again, illegal narcotics and drug paraphernalia were discovered.

Between the February 18, 2005 search warrant and the March 30, 2005 search warrant, defendant Simpson was accountable for jointly, actually, and/or constructively possessing and/or possessing with the intent to distribute 25.9 grams of cocaine base, 18.5 grams of marijuana, .63 grams of oxycodone, and 2.2 grams of heroin. At the time he committed these offenses, the defendant had a prior criminal conviction for Attempted Distribution of Cocaine in D.C. Superior Court Case F6110-91.

### Fed. R. Crim. Pro. 11(c)(1)(C)

The plea in this case was entered pursuant to Fed. R. Crim. Pro. 11(c)(1)(C), and the agreed upon sentence is 72 months. The Government is satisfied that the plea arrangement between the parties is appropriate, and that the sentencing agreement between the parties is also appropriate. In support of this plea, the government notes the following:

A <u>Statutory Minimum and Maximum</u>

Pursuant to 21 U.S.C. section 841(b)(1)(B)(iii), Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base carries a penalty of a term of imprisonment of not less than five years and not more than forty years, a fine not to exceed $2,000,000, and a term of supervised release not to exceed five years.

B. <u>Sentencing Guideline Calculation</u>

The Guidelines calculations utilized in the Presentence Report ("PSR") takes into account a three level decrease for acceptance of responsibility, and calculates the defendant's total

offense level at 27. See PSR ¶ 27. The PSR calculates the defendant's criminal history as Category I. See PSR ¶ 32. Therefore, the guideline range for the defendant is calculated at 70 - 87 months. See PSR ¶ 55.

    C.    The Agreed Upon Sentence is Appropriate

The government and the defendant have agreed that the sentence arranged between the parties is appropriate. The government is confident that if this case had proceeded to trial, it would have resulted in a conviction. However, there are legal and factual issues with this case that would most likely have caused a protracted trial. In all likelihood, the defendant would have appealed his conviction, which would have caused further delays.

As such, the government feels that this plea agreement is a more efficient use of resources. The plea limits the defendant's appellate options, thus allowing both the government and the Court to conserve resources. At the same time the agreement provides the defendant with a significant benefit, in that a number of charges were dismissed, including counts which would not have been grouped at sentencing, as the evidence at trial would have proved criminal behavior on two separate dates.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court sentence the defendant to 72 months.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        United States Attorney
        Bar No. 451058

        _____

        Catherine K. Connelly
        Assistant United States Attorney
        Major Crimes Section, Mass.  Bar No. 649430
        555 4th Street, N.W.  #4844
        Washington, DC 20001
        Phone: 616-3384
        Fax: 353-9414

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Tony Miles, this 17th day of January, 2006.

        _____
        Catherine Connelly
        Assistant United States Attorney